IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| DAVID BURTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. CBD-17-3681 |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| | ) | |
| Acting Commissioner, | ) | |
| Social Security Administration | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

David Burton ("Plaintiff") brought this action under 42 U.S.C. § 405(g) seeking judicial

review of the final decision of the Commissioner of the Social Security Administration

("Commissioner"). The Commissioner denied Plaintiff's claim for Supplemental Security

Income Benefits ("SSI") under Title XVI of the Social Security Act. Before the Court are

Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 12) and

Commissioner's Motion for Summary Judgment ("Commissioner's Motion") (ECF No. 15).

The Court has reviewed the motions, related memoranda, and the applicable law. No hearing is

deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court

hereby **DENIES** Plaintiff's Motion and **GRANTS** Commissioner's Motion. A separate order

will issue.

## I.     Procedural Background

On September 27, 2013, Plaintiff filed for SSI under Title XVI. R. 76. Plaintiff alleged

disability beginning August 25, 2013. R. 76, 216. Plaintiff later amended the onset date to

December 23, 2013.  R. 78, 103, 329.  Plaintiff alleged disability due to congenital heart disease,

breathing problems, hypertension, lumbar radiculopathy, degenerative disc disease, anxiety, and

depression.  R. 78, 216, 223, 341.  Plaintiff's claims were initially denied on May 6, 2014, and

upon reconsideration on February 5, 2015.  R. 76, 236, 239-41, 250-51.  An administrative

hearing was held on August 18, 2016.  R. 76.  On December 7, 2016, Plaintiff's claims were

denied.  R. 1, 79.  Plaintiff sought review by the Appeals Council, which concluded on October

19, 2017, that there was no basis for granting the Request for Review.  R. 1-6.

## II.     Standard of Review

On appeal, the Court has the power to affirm, modify, or reverse the decision of the

ALJ "with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g) (2015).

The Court must affirm the ALJ's decision if it is supported by substantial evidence and the

ALJ applied the correct law.  *Id.* ("The findings of the Commissioner of Social Security as

to any fact, if supported by substantial evidence, shall be conclusive."); *see also Russell v.*

*Comm'r of Soc. Sec.*, 440 F. App'x 163, 164 (4th Cir. 2011) (citing *Hays v. Sullivan*, 907

F.2d 1453, 1456 (4th Cir. 1990)).  "In other words, if the ALJ has done his or her job

correctly and supported the decision reached with substantial evidence, this Court cannot

overturn the decision, even if it would have reached a contrary result on the same evidence."

*Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 515 (D. Md. 2002).  Substantial evidence is

"more than a mere scintilla."  *Russell*, 440 F. App'x, at 164.  "It means such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id*.

(citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Hays*, 907 F.2d at 1456

(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks

omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less

than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented below *de novo*, nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456 (citations omitted); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) ("[T]he language of § 205(g) precludes a *de novo* judicial proceeding and requires that the court uphold the Secretary's decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'").  The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts. *Hays*, 907 F.2d, at 1456 (citations omitted).  If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that finding is not binding on the Court. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

The Commissioner shall find a person legally disabled under Title XVI if she is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  20 C.F.R. § 416.905(a) (2012).  The Code of Federal Regulations outlines a five-step process that the Commissioner must follow to determine if a claimant meets this definition:

1) Determine whether the plaintiff is "doing substantial gainful activity."  20 C.F.R. § 416.920(a)(4)(i) (2012).  If she is doing such activity, she is not disabled.  If she is not doing such activity, proceed to step two.

2) Determine whether the plaintiff has a "severe medically determinable physical or mental impairment that meets the duration requirement in § [416.909], or a combination of impairments that is severe and meets the duration requirement."  20 C.F.R. § 416.920(a)(4)(ii) (2012).  If she does not have such impairment or combination of

impairments, she is not disabled.  If she does meet these requirements, proceed to step three.

3) Determine whether the plaintiff has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement."  20 C.F.R. § 416.920(a)(4)(iii) (2012).  If she does have such impairment, she is disabled.  If she does not, proceed to step four.

4) Determine whether the plaintiff retains the "residual functional capacity" ("RFC") to perform "past relevant work."  20 C.F.R. § 416.920(a)(4)(iv) (2012).  If she can perform such work, she is not disabled.  If she cannot, proceed to step five.

5) Determine whether the plaintiff can perform other work, considering her RFC, age, education, and work experience.  20 C.F.R. § 416.920(a)(4)(v) (2012).  If she can perform other work, she is not disabled.  If she cannot, she is disabled.

Plaintiff has the burden to prove that she is disabled at steps one through four, and Commissioner has the burden to prove that Plaintiff is not disabled at step five.  *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

The RFC is an assessment that represents the most a claimant can still do despite any physical and mental limitations on a "regular and continuing basis."  20 C.F.R. § 416.945(b)-(c).  In making this assessment, the ALJ must consider all relevant evidence of the claimant's impairments and any related symptoms.  *See* 20 C.F.R. § 416.945 (a).  The ALJ must present a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)," and must then "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved."  SSR 96-8p, 1996 WL 374184 at *7 (S.S.A.).  "Ultimately, it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence."  *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)).

### III.    Analysis

In this matter, the ALJ evaluated Plaintiff's claim using the five-step sequential evaluation process.  R. 78-92.  At step one, the ALJ determined that Plaintiff did not engage in substantial gainful activity since December 23, 2013, the amended alleged onset date.  R. 78.  At step two, under 20 C.F.R. § 416.920(c), the ALJ determined that Plaintiff had the following severe impairments: "congenital heart disease, hypertension, lumbar radiculopathy, degenerative disc disease, anxiety, and depression."  R. 78.  The ALJ stated that the listed impairments were severe because they, "cause significant limitations in the claimant's ability to perform basic work activities (20 CFR § 416.921(b)), and they have lasted or are expected to last 12 months (20 CFR §§ 404.1509, 416.909)."  R. 78.  In step three, the ALJ determined that Plaintiff did not have "an impairment or a combination of impairments that [met] or medically equal[ed] the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926)."  R. 79.  At step four, the ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 416.967(b) except that:

> [Plaintiff] can occasionally climb ramps, stairs, ladders, ropes, and scaffolds; [Plaintiff] can occasionally balance, stoop, kneel, crouch, and crawl.  He is limited to simple, routine, and repetitive tasks in a work environment free of fast-paced production requirements involving only simple work-related decisions with few, if any, workplace changes.  He can perform work involving only occasional interaction with coworkers and supervisors.

R. 81.  The ALJ then determined that Plaintiff was not capable of performing any of her past relevant work as a medical biller.  R. 90.  At step five, however, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that accommodate Plaintiff's known limitations, and accordingly concluded that Plaintiff was not disabled within the meaning of the Social Security Act.  R. 91-92.

On appeal, Plaintiff requests that the Court grant summary judgment in his favor or, in the alternative, remand this matter to the Social Security Administration for a new administrative hearing. For the reasons set forth below, the Court **DENIES** Plaintiff's Motion in its entirety and **AFFIRMS** the ALJ's decision.

## A. The Residual Functional Capacity Assessment

### i. The ALJ properly considered all of Plaintiff's impairments when assessing Plaintiff's RFC.

Plaintiff argues that the ALJ failed to consider the impact of Plaintiff's "non-severe impairments" when he made his RFC assessment and determined Plaintiff's functional limitations. Pl.'s Mot. 8. As support, Plaintiff cites to a report by his treating psychiatrist that describes Plaintiff's difficulties with Tourette's syndrome. Pl.'s Mot. 8-9. Commissioner counters that evidence available in the record not only fails to support Plaintiff's assertions, it undermines them. Comm.'s Mot. 7-9. Commissioner further argues that the ALJ did consider the impairments in question at step two of his analysis and found them to be non-severe. Comm.'s Mot. 10-11. Commissioner points out that the ALJ stated he was considering "all symptoms" in his RFC assessment and therefore did consider the non-severe impairments. Comm.'s Mot. 11.

A claimant's residual functional capacity is an assessment regarding what he can do despite his physical or mental limitations. *See* SSR 96–8p, 1996 WL 374184, at *2 (July 2, 1996); 20 C.F.R. § 416.946(c) (2014). This assessment is based on all the relevant evidence in the record. 20 C.F.R. § 416.945(a)(3). It must include a narrative discussion detailing how the evidence in the record supports the ALJ's conclusion. SSR 96–8p, 1996 WL 374184, at *7; *see also Finlay v. Astrue*, Civ. No. SAG–10–2020, 2012 WL 5267084, at *1 (D. Md. Oct.19, 2012). Regulations require the ALJ consider a claimant's impairments, including those that he or she

found to be non-severe at step two.  20 C.F.R. § 416.945(a)(2) (2014).  However, this Court has

held that "an ALJ obviously need not explicitly perform a detailed analysis of every condition a

person has ever had."  *Reynolds v. Astrue*, Civ. No. SKG-11-559, 2012 WL 1107649, at *15 (D.

Md. Mar. 30, 2012).  In addition, "there is no rigid requirement that the ALJ specifically refer to

every piece of evidence in his decision."  *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th

Cir. 2014) (citation omitted).  In determining whether the ALJ should have considered evidence

of an impairment, this Court looks to several factors: whether the claimant indicated that the

impairment limited his ability to work on his disability application and at his administrative

hearing, whether the claimant consistently and frequently complained about the impairment to

his doctors, as well as when any complaints occurred relative to the alleged onset date.  *See, e.g.*,

*Meyer v. Colvin,* 754 F.3d 251, 257 (4th Cir. 2014) (citation omitted) (noting "an ALJ is not

obliged to investigate a claim not presented at the time of the [benefits] application . . . and not

offered at the hearing as a basis for disability"); *see also Reynolds*, Civ. No. SKG-11-559, 2012

WL 1107649, at *16 (finding that remand was appropriate where plaintiff alleged certain

impairments in her disability application and at the administrative hearing, as well as sufficient

evidence in the medical records, and the ALJ failed to adequately address said impairments);

*Corcoran v. Astrue*, Civ. No. SKG-08-913, 2009 WL 3100350, at *19 (D. Md. Sep. 22, 2009)

(holding that the ALJ's failure to consider plaintiff's knee injury was harmless error where

plaintiff never alleged it would limit her ability to do work in either her disability application or

follow-up papers submitted to the Administration).

     Here, the ALJ noted at step two of the evaluation process that Plaintiff has "been

diagnosed with Tourette's syndrome, sleep apnea, chronic rhinitis, upper respiratory infection,

periodic limb movement disorder, Dupuytren's contracture, chronic kidney disease, and

hypokalemia." R. 78. However, as there was "no evidence that these impairments cause[d] more than minimal limitations in [Plaintiff's] ability to perform basic work activities, [the ALJ] found these impairments [were] not severe." R. 79. Of these non-severe impairments, Plaintiff only affirmatively raised his Tourette's syndrome, sleep apnea, and difficulties breathing in his disability claims and at his hearing. *See, e.g.*, R. 104, 105, 124, 216, 218, 223, 341. In his assessment of Plaintiff's RFC at step four, the ALJ began by stating that he had carefully considered "the entire record" before making his determination. R. 81. The ALJ went on to state he considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence . . . ." R. 81. A review of the record reveals only brief references to Plaintiff's diagnoses of chronic rhinitis, periodic limb movement disorder, and Dupuytren's contracture.[1] R. 391, 638, 668, 741-44. With the exception of his Tourette's syndrome—which the ALJ did explicitly consider in his RFC assessment—Plaintiff even failed to cite any evidence in the record to support his argument that the ALJ should consider these impairments.[2] In light of Plaintiff's failure to raise these impairments as having an impact on his ability to function and the fact the ALJ is under no obligation to consider every single condition a claimant may have, the Court is satisfied the ALJ met his responsibility to consider Plaintiff's impairments in making his RFC assessment. Therefore, remand is not necessary on the basis of this claim.

---

[1] While the Court will not engage in impermissible reweighing of evidence, it will note that the symptoms relating to these diagnoses appear to be mild to non-existent. *See, e.g.*, R. 744 (noting how Plaintiff's Dupuytren's contracture "lacks overall symptoms" and proscribing monitoring of the condition).

[2] The Court could not find specific references to Plaintiff's diagnosis of chronic kidney disease and hypokalemia or any impact they might have on Plaintiff's ability to function.

  *ii.* The RFC assessment contains sufficient corresponding limitations to meet the *Mascio* requirements for Plaintiff's moderate difficulties in maintaining concentration, persistence and pace.

Plaintiff argues the limitation to "simple, routine, and repetitive tasks" does not sufficiently account for the ALJ's own findings that Plaintiff has moderate difficulties in concentration, persistence and pace. Pl.'s Mot. 10. Commissioner argues that the ALJ explained the decision he came to regarding Plaintiff's RFC limitations in this functional area, that the burden was on Plaintiff to persuade the ALJ otherwise at the hearing, and that Plaintiff failed to sufficiently support his argument on this issue in his appeal to this Court. Comm.'s Mot. 11-15.

In *Mascio*, the Fourth Circuit held that an RFC assessment must account for the ALJ's step three finding of moderate limitations in concentration, persistence or pace beyond limiting a claimant to performing only "simple, routine tasks." *Mascio v. Colvin,* 780 F.3d 632, 638 (4th Cir. 2015). This Court further clarified that, "[p]ursuant to *Mascio*, once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *Talmo v. Comm'r, Soc. Sec.,* Civ. No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015).

The functional area of concentration, persistence, or pace, "refers to the abilities to focus attention on work activities and stay on task at a sustained rate." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(E)(3). Since *Mascio*, courts have reviewed various ALJs' attempts to include corresponding limitations in their RFC assessments for moderate limitations in this functional area. *See, e.g.*, *Wilson v. Comm'r, Soc. Sec. Admin.*, Civ. No. ADC-17-2666, 2018 WL 3941946, at *5 (D. Md. Aug. 16, 2018) (holding limitations for interactions with other individuals does not address concentration, persistence or pace, rather it addresses social functioning); *McDonald v.*

*Comm'r*, Civ. No. SAG-16-3041, 2017 WL 3037554, at *4 (D. Md. July 18, 2017) (concluding "a RFC restriction that [the claimant could] perform 'simple, routine, and repetitive tasks involving only simple work-related decisions with few if any workplace changes and only occasional supervision' " was insufficient to meet *Mascio* requirements); *Steele v. Comm'r, Soc. Sec.*, Civ. No. MJG-15-1725, 2016 WL 1427014, at *4 (D. Md. Apr. 11, 2016) (citing SSR 96-9P) (holding durational limitations must consider that the normal 8-hour workday already includes breaks approximately every two [2] hours and provide further explanation as to how that restriction "adequately accounts for a moderate limitation in the ability to stay on task" or else it does not meet the *Mascio* requirements); *Henig v. Colvin*, Civ. No. TMD-13-1623, 2015 WL 5081619, at *12 (D. Md. Aug. 26, 2015) (listing cases) (finding the ALJ's determination that a claimant should be excluded from "work involving significant stress, such as production-line type work" sufficient to meet *Mascio* requirements for corresponding limitations for moderate difficulties in concentration, persistence or pace).

Here, the ALJ found that Plaintiff suffered from moderate difficulties in concentration, persistence and pace. R. 80. In his RFC assessment, the ALJ found Plaintiff is "limited to simple, routine, and repetitive tasks in a work environment free of fast-paced production requirements involving only simple work-related decision with few, if any workplace changes." R. 81. While Plaintiff is correct that a limitation to "simple, routine, and repetitive tasks" would be insufficient to meet the *Mascio* requirements, Plaintiff's argument ignores the remaining language in the RFC. The language limiting Plaintiff from being in work environments with "fast-paced production requirements" is sufficient to meet *Mascio*. *Henig*, Civ. No. TMD 13-1623, 2015 WL 5081619, at *12. Accordingly, remand is not necessary on the basis of this claim.

**B. The ALJ assigned the proper weight to the opinion of Plaintiff's treating psychiatrist.**

Plaintiff argues the ALJ failed to properly evaluate the opinion of Dr. Kenneth Fligsten, Plaintiff's treating psychiatrist. Pl.'s Mot. 11. Plaintiff asserts that the ALJ was required to apply a list of factors used for evaluating opinion evidence. *Id.* In light of the ALJ's failure to comply with this requirement, Plaintiff argues the ALJ's decision to assign "little weight" to Dr. Fligsten's opinion was not supported by substantial evidence. Pl.'s Mot. 12. Commissioner argues that the ALJ sufficiently explained his decision to afford little weight to Dr. Fligsten's opinion. Comm.'s Mot. 16-20. Commissioner also points out that Plaintiff's own argument reveals he does not find his own treating psychiatrist credible. Comm.'s Mot. 15.

When evaluating medical opinions, the Court is to consider certain criteria: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527 [2005]). Generally, a treating physician's opinion is accorded controlling weight. *Chestnut v. Berryhill*, Civ. No. GLS-17-1696, 2018 WL 4565540, at *4 (D. Md. Sept. 24, 2018) (citing 20 C.F.R. § 404.1527[c][2]); *see also Johnson*, 434 F.3d at 654 ("Courts often accord 'greater weight to the testimony of a treating physician' because the treating physician has necessarily examined the applicant and has a treatment relationship with the applicant."). However, an ALJ "may choose to give less weight to the testimony of a treating physician if there is persuasive contrary evidence." *Bishop v. Comm'r of Soc. Sec.*, 583 F. App'x 65, 67 (4th Cir. 2014) (quoting *Hunter v. Sullivan*, 993 F.2d 31, 35 [4th Cir.1992]). While an ALJ is not required to analyze each factor listed in *Johnson*, he

must provide his reasoning for the decision. *See, e.g.*, *Bishop*, 583 F. App'x at 67 (listing cases) (holding the ALJ was permitted to reject a treating physician's opinion even though he "did not explicitly analyze each of the *Johnson* factors on the record, [because] the ALJ was clear that he concluded that the doctor's opinion was not consistent with the record or supported by the medical evidence, which are appropriate reasons under *Johnson*").

Here, the ALJ afforded Plaintiff's treating psychiatrist's opinion "little weight" in his assessment. R. 88. Dr. Fligsten provided two medical reports in which he opined Plaintiff had serious limitations in memory, maintaining routines, and social interactions, among many other limitations. R. 88-89. Dr. Fligsten further asserted that Plaintiff would have difficulty maintaining concentration for more than two hours and that he would have to be absent from work for more than four days a month. R. 88-89.

Despite Dr. Fligsten's status as a treating psychiatrist, the ALJ did not assign his opinion controlling weight. R. 88. In support of this determination, the ALJ noted how Dr. Fligsten's "opinions [were] not supported by his own treatment notes, [Plaintiff's] level of treatment, or daily activities." R. 89. The ALJ specifically cited to how Dr. Fligsten's notes indicated Plaintiff's "attention, concentration, and memory were typically intact." R. 89. The ALJ also noted how Plaintiff received "only conservative mental health treatment." R. 89. Finally, the ALJ listed various activities that Plaintiff engaged in, including working outside the home and providing care for his father. R. 89. While not a complete review under the *Johnson* factors, lack of support in record is an acceptable reason for not assigning controlling weight. *See Bishop*, 583 F. App'x at 67. It is not the role of the Court to reweigh evidence presented in the record; rather, the Court reviews decisions for substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Accordingly, remand is not warranted on the basis of this claim.

## IV.     Conclusion

Based on the foregoing, the Court hereby **DENIES** Plaintiff's Motion and **GRANTS**

Commissioner's Motion.


October 26, 2018                                                    /s/
                                                    Charles B. Day
                                                    United States Magistrate Judge


CBD/clc